```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JUSTIN WOULARD, JENNIFER WOULARD,**
**and JUSTIN WOULARD, natural parent**
**of M.W. and J.W., minors**

                **Plaintiffs,**

v.                              //   CIVIL ACTION NO. 1:12CV65
                                                (Judge Keeley)

**MARC C. ROGERS, an individual,**
**MAPERO, LLC, a limited liability**
**company, FAIRMOR, LP, a limited**
**partnership, and ERIE INSURANCE**
**PROPERTY and CASUALTY, a foreign**
**corporation,**

                **Defendants,**

**JOHN D. SUMMERS, doing business as**
**John D. Summers, Construction,**

                **Third-Party Defendant.**

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]

Before the Court is the plaintiffs' motion to remand (dkt. no. 9). For the reasons discussed below, the Court **GRANTS** the motion and **REMANDS** this case to the Circuit Court of Monongalia County, West Virginia.

### I.

The plaintiffs, Justin Woulard, Jennifer Woulard, and their minor children M.W. and J.W. (collectively "the plaintiffs" or "the Wouldards"), rented the upper level of a duplex apartment owned by the defendant Marc Rogers, the president and owner of the defendant

**WOULARD, ET AL. v. ROGERS, ET AL.** 1:12CV65

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]**

Mapero LLC, which operates as a general partner of the defendant Fairmor, LP (collectively "the Rogers defendants"). The defendant Erie Insurance Property and Casualty ("Erie") provides medical expense and liability coverage to Marc Rogers. This case arises from the personal injuries sustained by the Woulards when they suffered carbon monoxide poisoning in their home.

On November 14, 2011, the plaintiffs filed a complaint against the Rogers defendants in the Circuit Court of Monongalia County, West Virginia, asserting various causes of action for breach of implied warranty of habitability and professional negligence. On March 20, 2012, the plaintiffs amended their complaint to add two declaratory judgment counts against Erie, seeking resolution of certain questions related to the Rogers defendants' insurance coverage.

Erie timely removed this civil action under 28 U.S.C. §§ 1441 and 1446, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Erie argues that the Court has subject matter jurisdiction over this case because complete diversity exists between the plaintiffs, residents of West Virginia, and Erie, a Pennsylvania corporation. Erie contends that the plaintiffs fraudulently misjoined their claims against Erie with those against

**WOULARD, ET AL. v. ROGERS, ET AL.** 1:12CV65

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]**

the Rogers defendants, also West Virginia residents, in an attempt to defeat removal. On this theory, Erie has moved to bifurcate the plaintiffs' claims. (Dkt. No. 4). The plaintiffs, however, contend that their claims against the defendants are properly joined and, on May 9, 2012, moved to remand this case to state court on the ground that the Rogers defendants' presence necessarily destroys this Court's diversity jurisdiction. (Dkt. No. 9).

## II.

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Although the complete diversity requirement of § 1332(a) is only satisfied where the lawsuit contains "no plaintiff and no defendant who are citizens of the same state," Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 388 (1998), a nondiverse defendant may nevertheless remove a minimally diverse case if it can demonstrate that it was fraudulently misjoined in the state action. See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir.

**WOULARD, ET AL. v. ROGERS, ET AL.**                                                1:12CV65

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]**

2000).[1] A district court will then sever the claims against the misjoined parties, remand the severed claims between the nondiverse parties, and retain jurisdiction over the claims between the diverse parties. Ryan Environmental, Inc. v. Hess Oil Co., 718 F.Supp.2d 719, 726 (N.D. W. Va. 2010) (citing Tapscott, 77 F.3d at 1353).

"Fraudulent misjoinder is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." Wyatt v. Charleston Area Med. Ctr., Inc., 651 F.Supp.2d 492, 496 (S.D. W. Va. 2009). District courts in West Virginia have found that a plaintiff has fraudulently misjoined a defendant if such joinder fails to satisfy the prerequisites for permissive joinder. Fed. R. Civ. P. 20(a)(2) states that two or more defendants may be joined in one action if:

---

[1] Although the "fraudulent misjoinder" doctrine has not been uniformly adopted or applied in all federal jurisdictions, it has been adopted in both the Northern and Southern Districts of West Virginia. See Hughes v. Sears, Roebuck and Co., No. 2:09-CV-93, 2009 WL 2877424, at *2-3 (N.D. W. Va. Sep. 3, 2009)); Ashworth v. Albers Medical, Inc., 395 F.Supp.2d 395, 409-10 (S.D. W. Va. 2005).

**WOULARD, ET AL. v. ROGERS, ET AL.**                              **1:12CV65**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]**

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); see also W. Va. R. Civ. P. 20 (substantially same). The Supreme Court of the United States has said that Rule 20(a) must be interpreted to allow for the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). Therefore, "the rule should be construed in light of its purpose, 'which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" Saval v. BL, Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)).

### III.

The parties have focused much of their attention on the propriety of bifurcation pursuant to W. Va. R. Civ. P. 42(c) and the question of abstention pursuant to factors enumerated in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). These arguments, however, are largely irrelevant to the

**WOULARD, ET AL. v. ROGERS, ET AL.**                       **1:12CV65**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]**

threshold jurisdictional issue before the Court. Rather than deciding whether separate trials of this matter would "further[] . . . convenience . . . or avoid prejudice" or serve the interests of expedience or economy, W. Va. R. Civ. P. 42(c), this Court must determine whether the defendants were even capable of being permissively joined in the first instance. Fed. R. Civ. P. 20, 21. Similarly, the doctrines of abstention are only relevant where a Court evaluates the propriety of hearing a case "that is otherwise properly within its jurisdiction." Nautilus Ins. Co., 15 F.3d at 375. Without fraudulent misjoinder, the Court has no jurisdiction from which to abstain.

 Turning instead to the procedural correctness of the joinder in this case, West Virginia law is clear that an injured plaintiff may bring a declaratory judgment action against the defendants' insurance carrier "'in the original personal injury suit rather than by way of separate action.'" State ex. rel., Piper v. Sanders, --- S.E.2d ----, 2012 WL 987413, at *3 (W. Va. March 23, 2012) (quoting Syl. Pt. 4, Christian v. Sizemore, 383 S.E.2d 810 (W. Va. 1989)); see also Price v. Messer, 872 F.Supp. 317, 321 (S.D. W. Va. 1995) ("A plaintiff may join a claim against a tortfeasor with a related claim against the tortfeasor's insurer concerning

**WOULARD, ET AL. v. ROGERS, ET AL.**                                       **1:12CV65**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]**

coverage."). Other district courts in this circuit have found that a plaintiff's insurer may be properly joined with the alleged tortfeasor when the lawsuit alleges the tortfeasor caused harm allegedly covered under the policy. See generally John S. Clark Co. v. Travelers Indem. Co. of Ill., 359 F.Supp.2d 429 (M.D.N.C. 2004); Hanna v. Gravett, 262 F.Supp.2d 643, 647 (E.D. Va. 2003).

It is undisputed that the plaintiffs properly joined Erie in this action under applicable state law. The plaintiffs have further made a plausible argument that Erie, as the issuer of an insurance policy allegedly covering the damages at issue in this action, is logically and properly joined in this case under Rule 20(a)(2). Ultimately, Erie has simply failed to carry its burden of establishing that it cannot be joined in the same lawsuit as the Rogers defendants. As Erie and the Rogers defendants are not fraudulently misjoined and complete diversity is thus absent on the face of the complaint, this Court lacks subject matter jurisdiction over this action and **GRANTS** the plaintiffs' motion to remand.

**IV.**

In conclusion, for the reasons discussed, the Court **GRANTS** the plaintiffs' motion to remand (dkt. no. 9), **REMANDS** this case to the Circuit Court of Monongalia County, West Virginia, and **CANCELS** the

**WOULARD, ET AL. v. ROGERS, ET AL.**                             **1:12CV65**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9]**

Scheduling Conference currently set for **Wednesday, May 30, at 11:30 a.m.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: May 30, 2012.

                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE

8